**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERIK MALDANADO-BENCES** | § | |
| | § | |
| **V.** | § | **A-10-CA–296-LY** |
| | § | **(A-09-CR-121-LY-1)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Erik Maldanado-Bences's § 2255 Motion to Vacate, Set Aside or Correct Sentence of Movant (Clerk's Doc. No. 168), Movant's Memorandum in Support (Clerks's Doc. No. 169), Movant's Sworn Affidavit (Clerk's Doc. No. 170), and the Government's Response (Clerk's Doc. No. 180). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. General Background**

On March 17, 2009, Movant Erik Maldonado-Bences was charged with conspiracy to possess with intent to distribute more than five kilograms of cocaine (count one); possession with intent to distribute more than 500 grams of cocaine (count two); being an alien unlawfully in the United States in possession of a firearm (count three); and using, carrying, and possessing a firearm in furtherance of a drug trafficking crime (count five). On July 7, 2009, he pled guilty to conspiracy to possess with intent to distribute more than 500 kilograms of cocaine, pursuant to a plea agreement. On October

21, 2009, the Court sentenced him to 108 months in prison, four years of supervised release, and a $100 fine. Maldanado did not file an appeal.

On April 29, 2010, Maldanado filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Maldanado claims three points of error in his § 2255 motion: (1) his attorney failed to effect an appeal, despite Maldanado ordering him to do so; (2) his attorney failed to object to a sentencing enhancement for possessing a firearm; and (3) his attorney failed to enforce a plea agreement that Maldanado argues limited the amount of drugs used in his sentencing-guideline calculations. The Court held an evidentiary hearing on October 26, 2010.

## II.  Standard of Review

### A.     Standard of Review for § 2255 Motions

Under Section 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). However, a

defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue and is cognizable pursuant to Section 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

**B.      Standard of Review for Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312–313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)). This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, the movant has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's ineffectiveness,

he "would not have pleaded guilty and would have insisted on going to trial." *Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)).

### III. DISCUSSION

**A.      Failure to File an Appeal**

Maldanado argues that his attorney, R. Patrick Fagerberg, provided ineffective assistance of counsel when he failed to follow Maldanado's instructions to appeal his sentence. The Court—faced with competing affidavits and versions of whether Maldanado requested an appeal—held an evidentiary hearing on October 26, 2010, as required by Fifth Circuit precedent. *E.g.*, *United States v. Heckler*, 165 Fed. App'x 360 (5th Cir. 2006); *see also U.S. v. McMillen*, 96 F. App'x 219, 221 (5th Cir. 2004) (holding that Petitioner, who had alleged counsel ignored his request to file a notice of appeal, was entitled to evidentiary hearing on the issue).

Based on the evidence presented at the hearing, coupled with the parties' submissions, the Court makes the following factual findings:

1.      Maldanado pled guilty pursuant to a plea agreement that contained a waiver of his right to appeal, and he understood the waiver.[1]

2.      At the sentencing hearing, the district judge provided Maldanado a letter that set out in detail the requirements of filing an appeal.[2]

3.      After the sentencing hearing, Fagerberg met with Maldanado in the Marshal's attorney conference room in the courthouse. In this meeting, Fagerberg, who is fluent in Spanish, went over Judge Yeakel's letter with Maldanado, and Maldanado confirmed this by signing his name under the statement "Abagado explico este documento 10/21/09" ("Attorney explained this document 10/21/09.").

---

[1]Plea Agreement, Clerk's Doc. No. 132, at 6.

[2]Exhibit A to the Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence.

4.      Fagerberg also discussed with Maldanado the sentence and any potential appeal. He suggested that an appeal of the sentence was unlikely to be successful, and that Maldanado would be better served to seek a reduction in his sentence by cooperating and debriefing with the government. Maldanado concurred with this, and did not instruct Fagerberg to appeal.

5.      Maldanado's testimony that he asked Fagerberg to file an appeal is not credible.

6.      Fagerberg's testimony regarding the post-sentencing conversation is corroborated by the fact that after sentencing Fagerberg contacted the case agent several times in an attempt to arrange a debriefing before Maldanado was transferred out of the central Texas region (at which time it would be less likely for the government to be willing to meet with Maldanado), and also by the fact that the case agent in fact met with Maldanado and debriefed him in the Austin courthouse prior to Maldanado's transfer to B.O.P. custody.

The Supreme Court has held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).[3] "[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999). Here, the Court finds that Fegerberg was never instructed to file an appeal, and thus was not ineffective in not pursing an appeal.

**B.      Failure to Object to the Presentence Report's Two-level Upward Adjustment for Possession of a Firearm**

Maldanado further argues that he was not provided effective assistance of counsel when Fagerberg failed to object to the Presentence Investigation Report (PSR)'s recommendation of a two-level upward adjustment for possession of a firearm. This claim is contradicted by the record in this case. During the sentencing hearing, Fagerberg specifically objected to the enhancement at the

---

[3]Contrary to the Government's position, *Roe* did *not* adopt the Ninth and First Circuits' *per se* rule that an attorney has an obligation to (1) "file a notice of appeal, or (2) . . . discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly." Rather, the Court "reject[ed] this *per se* rule as inconsistent with *Strickland*'s holding."

sentencing hearing, but the District Court rejected Fagerberg's argument. Transcript of Sentencing at 7–8. Fagerberg also filed a written objection to the enhancement in the PSR. Addendum to the Presentence Report at 1A–2A. While Fagerberg's objections were not successful, the record demonstrates that he did object to the enhancement. Accordingly, Maldanado's claim fails.

**C.    Failure to Object to the Presentence Report's Calculation of the Offense Level**

Finally, Maldanado argues that his attorney should have objected to the quantity of cocaine attributed to him in the PSR. Maldanado was taken into custody after a drug deal where the police seized 1.04 kilograms of cocaine. PSR ¶ 15–16. He pled guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine. For purposes of computing the base offense level in the PSR, the Probation Officer considered Maldanado's relevant conduct and concluded that the offense level should be calculated using 100 kilograms of cocaine. Addendum to the Presentence Report at 1A. Fagerberg objected to this and argued that Maldanado should only be responsible for the 1.04 kilograms of cocaine seized during the offense, which would have resulted in a base offense level of 26. *Id.* Subsequently, Fagerberg met with the prosecutor on the case, Assistant United States Attorney Mark Marshall, and they agreed that the proper quantity for PSR purposes should be 5–15 kilograms. The PSR was then amended to reflect this. *Id.*

To the extent that Maldanado is claiming that Fagerberg failed to object to the quantity in the PSR, the claim is factually incorrect. Fagerberg did object, and then reached an agreement with the government to resolve the objection. The plea agreement did not specify the amount of cocaine that would be used to determine his base offense level for sentencing. Instead, the plea agreement states that "[t]he government and the Defendant reserve the right to: (1) bring their version of the facts of this case to the attention of the probation office in connection with that office's preparation of a

6

presentence report; (2) dispute sentencing factors or facts material to sentencing in the presentence report; and (3) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office."  Plea Agreement at ¶ 9.

It is possible that Maldanado is complaining that Fagerberg's agreement with the government regarding the relevant conduct quantity was reached without Maldanado's approval.  This claim is also factually without basis.  Fagerberg testified that he met with Maldanado several times and specifically explained the risks in simply objecting to the 100 kilogram quantity and then waiting for the sentencing hearing for that objection to be ruled on.  Counsel advised Maldanado that, from the evidence he had seen, he believed that it would be strategically better to reach an agreement on the relevant conduct than take the chance that the district judge would overrule the objection and use the 100 kilogram amount, or some other amount higher than 5–15 kilograms, to calculated the base offense level.  Fagerberg testified that Maldanado concurred with this advice.  This advice amounted to a "conscious and informed decision on trial tactics and strategy," which receives considerable deference according to *Green v. Johnson*, 117 F.3d 1115, 1122 (5th Cir. 1997).  And Fagerberg's testimony is corroborated by the fact that, in Maldanado's presence, Fagerberg informed the Court at the sentencing hearing the he had withdrawn his quantity objection as it had been resolved by agreement, and Maldanado failed to comment on, object to, or otherwise mention, the quantity during the hearing.  Transcript of Sentencing Hearing at 8–9.

## IV.  RECOMMENDATION

For the reasons set forth above, the Court concludes that Fagerberg's performance was not deficient, and he provided effective assistance to Maldanado in this case.  Accordingly, the

7

undersigned Magistrate Judge **RECOMMENDS** that Movant Erik Maldonado-Bences's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 be **DENIED**.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability should not be issued.

## VI. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of November, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE